## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

FILED
IN CLERKS OFFICE

2005 FEB 15  A II: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

**I, Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts  within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2005-00164** entered in the Superior Court on **01/18/2005.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of the said Superior Court at said Lowell this 8th day of February in the year of our Lord 2005

Michael M. Brennan, Assistant Clerk



cvdremlett_1.wpd 2680310 removus ginger

MAS-20040909
ginger

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

02/08/2005
10:48 AM

## MICV2005-00164
## Bedford v Energy East Solutions, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 01/18/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 02/08/2005 | **Session** | L - Cv time-stan 1 (Lowell) | | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 04/18/2005 | **Answer** | 06/17/2005 | **Rule12/19/20** | 06/17/2005 |
| **Rule 15** | 06/17/2005 | **Discovery** | 11/14/2005 | **Rule 56** | 12/14/2005 |
| **Final PTC** | 01/13/2006 | **Disposition** | 03/14/2006 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Town Of Bedford
Active 01/18/2005

**Private Counsel 292520**
Michael C Lehane
Murphy Hesse Toomey & Lehane
300 Crown Colony Drive
Suite 410
Quincy, MA 02169-9126
Phone: 617-479-5000
Fax: 617-479-6469
Active 01/18/2005 Notify

**Defendant**
Energy East Solutions, Inc.
81 State Street
Stephens Square 5th Floor
Binghamton, NY 13901
Service pending 01/18/2005

**Out-of-state attorney**
James J. Reardon, Jr.
LeBoeuf,Lamb,Green&MacRaeL.L.P
225 Asylum St 13th Floor
Hartford, CT 06103
Phone: 860-293-3500
Active 02/08/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/18/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/18/2005 | | Origin 1, Type A01, Track F. |
| 02/01/2005 | 2.0 | Notice for Removal to the United States District Court filed by Energy East Solutions, Inc. |
| 02/08/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
in testimony that the foregoing is a true copy on file
and of record made by photographic process. I herewith
set my hand and affix the seal of said Superior court
this __ day of February 2005

Deputy     Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO._____



05-0164

TOWN OF BEDFORD,

       Plaintiff

       v.

ENERGY EAST SOLUTIONS, INC.,

       Defendant

```
3755A000001/18/05CIVIL        240.00
3755A000001/18/05SUR CHARGE    15.00
3755A000001/18/05SECC          20.00
3755A000001/18/05SUMMONS        5.00
```

## COMPLAINT

Plaintiff, the Town of Bedford ("Bedford" or "Town"), by and through its
attorney, for its Complaint alleges as follows:

### Nature of Action

1.    This is an action for breach of contract and for damages under Mass. Gen.
Laws c. 93A, based upon unfair and deceptive practices.   The Town and defendant
Energy East Solutions, Inc. ("Energy East Solutions" or "EES"), as successor to
Northeast Energy Partners, are parties to an agreement (the "Agreement") for the
purchase and sale of natural gas for a certain term.   That agreement contains provisions
for extension beyond the initial three-year term, for an additional three years ("Renewal
Term").   A copy of the Agreement is attached hereto as Exhibit A and incorporated

herein. The Agreement was a fixed-price agreement with no provision for price renegotiation or adjustment either during its initial term or the Renewal Term. Under the provisions of the Agreement, it automatically self-renewed, unless thirty (30) days prior to the expiration of the Term notice of non-renewal was given by one party or the other. The Town did not provide any notice of intent of non-renewal. EES did not provide timely notice of intent of non-renewal in accordance with the contract. Nevertheless, the defendant refused to continue the Agreement without consent to a new price significantly above the price stated in the Agreement. EES thus breached the Agreement. As a result of EES's breach of the Agreement, the Town of Bedford was forced to contract with another gas supplier in order to ensure gas supply to the public buildings of Bedford and suffered damages in an amount to be determined but which certainly exceed several hundred thousand dollars.

## The Parties

2.    Plaintiff Bedford is a municipality located in Middlesex County, Massachusetts. Its principal place of business is at Town Hall, 10 Mudge Way, in Bedford, Massachusetts 01730.

3.    Upon information and belief, defendant EES is a corporation organized under the laws of the State of Delaware, with its principal place of business at 81 State Street, Stephens Square, Fifth Floor in Binghamton, New York 13901.

## Jurisdiction and Venue

4.    This Court has jurisdiction over defendant Energy East under Massachusetts General Laws ch. 223A, section 3 because Energy East has contracted to supply services or things in the Commonwealth of Massachusetts. The Court

additionally has jurisdiction over EES under the terms of the Agreement stating that "[t]his Agreement shall be construed according to the laws of the Commonwealth of Massachusetts and any disputes, which arise, shall be submitted to a state or federal court where the Buyer [Town of Bedford] is located . . .."

5.    Venue in this Court is appropriate under the terms of the Agreement because the Town of Bedford is located in Middlesex County.

## Facts

6.    The Town of Bedford owns a number of public buildings which require a supply of natural gas for purposes of providing heat.

7.    In 2001, the Town contracted with Northeast Energy Partners of Manchester, Connecticut, for sale and purchase of natural gas.

8.    Paragraph 9 of the Agreement provided that Northeast Energy Partners could assign the Agreement to a third party with the Town's prior written consent.   On or about June 10, 2002, upon a written request from EES, the Town consented to the assignment of the Agreement to EES.

9.    In relevant part, the Agreement contains the following terms:

- TERM: "From Buyer's August 2001 meter read date through Buyer's August 2004 meter read date."  The phrase "3 Year" is circled.

- PRICE: A line next to "Fixed Price" is initialed and the Agreement further states that "[u]nder the fixed price option Buyer will pay Seller a fixed price of $5.65 per Dth (one million British Thermal Units) for natural gas delivered to the Delivery Point and charges related thereto including but not limited to, mandatory capacity assignment and telemetering."

- RENEWALS (Paragraph 7 of the Terms and Conditions): "Unless either party otherwise notifies the other in writing at least thirty (30) days prior to the expiration of the original term or any subsequently agreed upon term, then this Agreement shall be automatically renewed for a like term."

10.    The Agreement did not provide any provision for price renegotiation or adjustment either during its initial Term or the Renewal Term.

11.    In accordance with the terms of the Agreement, the original Term expired on the August 2004 meter read date, which varied from municipal building to municipal building.  Further in accordance with the terms of the Agreement, the Agreement automatically renewed for a three year term, unless notice was provided by either party 30 days prior to the August meter read date.

12.    The Town did not provide any notice of intent of non-renewal.  EES did not provide timely notice of intent of non-renewal in accordance with the contract.

13.    Instead, on August 20, 2004, Stephen J. Humes, an attorney representing EES and with the firm LeBoeuf, Lamb, Greene & MacRae, LLP, wrote to Richard T. Reed, Town Administrator for Bedford, purporting to give notice that EES was "willing to renew the Agreement for another three year term, but that the price for the Agreement has changed."

14.    The new price offered by EES was an "Index Price" at $3.11 per Dth above the Monthly NYMEX Average Price, which was defined in the contract as the last NYMEX settlement price for each month as published in the Wall Street Journal during the immediately preceding month.

15.     In immediate terms, the new price represented a change from $5.65 per Dth to $8.90 per Dth, which would have cost the Town of Bedford approximately $77,000 per year and approximately $231,000 over three years.

16.     In the same August 20, 2004 letter, Mr. Humes further claimed that "the Town of Bedford has elected not to renew the Agreement for the above-described Index Price offering" and that the service to the Town would be terminated as of the September 2004 meter read date unless EES received written confirmation of the renewed Agreement with the new price by September 1, 2004.

17.     In an August 24, 2004 letter from Town Counsel Michael Lehane to Mr. Humes, the Town of Bedford reiterated its position that the failure by Energy East to give timely notice of its intent not to renew the Agreement resulted in renewal of the Agreement and that EES would be breaching the contract by refusing to continue service except at an indexed price.

18.     The August 24, 2004, letter further stated:  "Pursuant to the provisions of c. 93A of the Massachusetts General Laws, a demand is made on behalf of the Town of Bedford that your client Energy East Solutions, Inc. agree to renew the said Agreement on the price basis set forth therein for a three year renewal term commencing on the meter read date in August, 2004 and expiring on the meter read date in August, 2007. This undertaking should immediately be reduced to writing by your client and sent to the Bedford Town Administrator, Richard T. Reed at the address specified in the Agreement."

19.     Energy East responded in a September 2, 2004, letter from Mr. Humes, stating that "[s]ince your letter of August 24, 2004 serves as the writing that formally

rejects EES's renewal offer, and since the Agreement has therefore ended, EES intends to notify KeySpan (the local distribution company providing natural gas service to the Town of Bedford) on or before September 12, 2004 that the town of Bedford meters are being returned to KeySpan for sales service pursuant to utility tariff rates (or whatever alternative service the Town of Bedford selects)."

20.     EES terminated natural gas service to the Town of Bedford on or about September 4, 2004.

## Count I

### (Breach of Contract)

21.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 20 herein.

22.     The Agreement constitutes a valid and enforceable contract between the Town and EES.  Plaintiff has complied with its obligations under the Agreement.

23.     EES has breached the Agreement by refusing to continue under its terms for an additional three years absent an increase in price, after failing to first provide the required 30-day-notice of non-renewal.

24.     By virtue of EES's breach, the Town of Bedford has been injured in an amount to be determined, but which certainly exceeds several hundred thousand dollars.

## Count II

### (Chapter 93A)

25.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 24 herein.

26.     EES is engaged in trade or commerce.

27.    EES, in the course of its business relationship with plaintiff, has engaged in unfair and deceptive acts and practices, in violation of M.G.L. c. 93A, §§2 and 11 by refusing to honor the terms of the contract for the Renewal Term.

28.    EES's unfair and deceptive conduct has been knowing and willful.

29.    EES's unfair and deceptive conduct occurred primarily and substantially in Massachusetts.

30.    By virtue of EES's unfair and deceptive conduct, the Town of Bedford has been injured in an amount to be determined but which certainly exceeds several hundred thousand dollars.

## Prayer for Relief

**WHEREFORE,** plaintiff respectfully requests the following relief:

1.    As to Count I, an award of money damages in an amount equal to the damages suffered by the Town of Bedford as a result of defendant's conduct;

2.    As to Count II, multiple damages in an amount double or treble the actual damages awarded to plaintiff, in addition to an award of attorney's fees and costs; and

3.    Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

THE TOWN OF BEDFORD

By its attorney,

Michael C. Lehane. Esq. (BBO # 292520)
Murphy, Hesse, Toomey & Lehane, LLP
Crown Colony Plaza
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02169-9126
617-479-5000

Dated: January 14, 2005

09/21/2001 Case 1:05-cv-10214-JLT   Document 65-2   Filed 02/15/2005   Page 11 of 19   02/06
09/21/2000  06:41   97812756310                                       R REED                           PAGE  02

09/18/2001  12:22   6177727560                                        AES NEWENERGY                     PAGE  02

# NATURAL GAS SALES AGREEMENT (MMA)

| SELLER: | NORTHEAST ENERGY PARTNERS | BUYER: | Town of Bedford |
|---|---|---|---|
| | One Heritage Place | | 10 Mudge Way |
| | Manchester, CT  06040 | | Bedford, MA 01730 |
| PHONE: | 860-647-1841 | ATTN: | Richard Reed |
| FAX: | 860-647-1847 | PHONE: | 781-275-1111 |
| | | FAX: | 781-275-6310 |

**LOCATION(S):**
See Attached

**LDC ACCOUNT NUMBER(S):**
See Attached

**TERM:** From Buyer's August, 2001 meter read date through Buyer's August 200_4_ meter read date.

(Circle Choice)

1 Year          2 Year          (3 Year)

**SERVICE:** The sale and purchase of natural gas hereunder shall be on a guaranteed, firm delivery basis. Buyer agrees to continue using natural gas as its energy source for all the uses and processes reflected in the historical usage information provided to Seller, and to purchase its full gas requirements from Seller pursuant to this Natural Gas Sales Agreement and the attached Terms and Conditions (together the "Agreement"). This shall not prohibit Buyer from implementing measures, including maintenance practices and equipment upgrades, designed to improve the efficiency with which it consumes natural gas, so long as Buyer provides Seller with reasonable notice of the implementation date and likely effect of such measures on Buyer's consumption. Seller agrees to supply Buyer's full requirements for natural gas pursuant to the terms and conditions of this Agreement.

**DELIVERY POINT(S):** The point(s) where the Local Distribution Company (LDC) receives gas from the applicable pipeline.

**PRICE:** Initial the appropriate pricing option below.

A.    _____ Fixed Price:
      (initials)

Under the Fixed Price option Buyer will pay Seller a fixed price of $4.65 per Dth (one million British Thermal Units) for natural gas delivered to the Delivery Point and charges related thereto including, but not limited to, mandatory capacity assignment and telemetering.

B.    _____ Indexed Price:
      (initials)

Under the Indexed Price option for all natural gas for the Term delivered by Seller to the Delivery Point, and sold to Buyer, Buyer will pay Seller $_____ per dth above the Monthly NYMEX Average.  Monthly NYMEX Average shall be the last NYMEX settlement price for such month as published in the Wall Street Journal during the immediately preceding month.

**SPECIAL TERMS AND CONDITIONS:** Seller will indemnify Buyer for any charges, penalty costs, or standby cost related to the nominating, balancing, scheduling, and delivery of natural gas to the delivery point, including the cost of providing gas to the Buyer in the event that Seller cannot provide delivery to the Buyer except in the case of Force Majeure.

During the Term, Seller may not, at any time, unless it has Buyer's express written consent to do so, switch Buyer's accounts onto the LDC's service.

**BUYER:**
AGREED TO AND ACCEPTED

**SELLER:**
AGREED TO AND ACCEPTED

2

09/18/2001  12:22   6177727550

BY: _Robert B Reed_ DATE: 9/20/01

Its: ~~Town Administrator~~

BY: _____ DATE: 12/20/01

Its: _M G Gardner_

2

3

## TERMS AND CONDITIONS (MMA)

1. **QUALITY:** All natural gas delivered hereunder shall meet the quality and heat content requirements of the applicable transporting pipeline.

2. **TRANSPORTATION:** This Agreement is contingent upon execution of all intrastate and interstate transportation agreements required to complete this transaction. Seller and/or its gas supplier(s) shall be responsible for arranging the transportation to the Delivery Point(s) and Buyer shall be responsible for arranging the transportation or handling thereafter. Seller shall be responsible for executing an agent authorization letter with Buyer to assist Buyer in arranging transportation to the delivery point if required by the delivering LDC.

3. **MEASUREMENT:** Natural gas sold and delivered hereunder shall be measured at the Delivery Point(s) in accordance with the procedures established by the receiving LDC.

4. **BILLING & PAYMENT:** Buyer shall be billed monthly by Seller for natural gas supplied in accordance with this Agreement at the Price indicated above. Buyer shall pay each invoice within twenty (20) days of the date on which Buyer receives such invoice unless Buyer is a Municipality in which case Buyer shall pay each invoice within fifty-five (55) days of the date on which Buyer receives such invoice. Municipality shall mean any city, town, school district, regional school district, water district or fire district that is organized under the laws of the Commonwealth of Massachusetts. Buyer may withhold any disputed amounts until such dispute is resolved. Interest on unpaid invoices will accrue from the due date and must be paid at a rate of 1.5% per month; provided however no such late payment charge shall be due on disputed amounts if Buyer disputes all or a portion of the amounts in a written statement received by Seller within twenty (15) business days of Buyer's receipt of the subject invoice. In the case of any such dispute, Buyer shall pay the undisputed portion in a timely fashion and shall at the same time pay the disputed portion into an interest-bearing escrow account. Within fifteen (15) business days of receiving written notice of the disputed amount, Seller shall respond to such notice by either rectifying the amount in dispute or clarifying such invoice to Buyer. If Buyer is not satisfied with Seller's resolution, Buyer and Seller agree to submit the dispute to expedited arbitration in accordance with the Commercial Rules of the American Arbitration Association. Interest on the escrowed funds shall be distributed to Seller or to Buyer in proportion to the allocation of the disputed funds upon the ultimate resolution of such dispute. If the dispute is submitted to arbitration, the prevailing party shall be entitled to its costs. If the arbitrator's decision does not result in a final award, the parties shall divide the costs equally. Under no circumstances shall Seller bill Buyer for any unbilled consumption which consumption occurred more than ninety (90) days earlier than the date of the invoice. If Buyer does not make payments on undisputed portions of its bill within the time period provided for in this paragraph, Seller may assign its rights to collect payment under the terms of this Agreement. Notwithstanding anything to the contrary in this Agreement, no situation or state of affairs, including any action or inaction by either Party, arising from or relating to any failure of the LDC to provide accurate information to either Party may constitute or give rise to a default by Buyer.

4. **TAXES AND ROYALTIES:** Seller shall pay or cause to be paid all royalties and other sums relating to the production and transportation of natural gas to the Delivery Point(s); provided however, that any increase in applicable taxes or transportation fees relating to the production and transportation of natural gas to the Delivery Point(s) occurring after the commencement of service hereunder will be paid by Buyer and reflected in the Price which shall be adjusted accordingly. Buyer shall be responsible for any costs, fees, and taxes of any kind which are levied upon or attributable to the gas purchased and sold hereunder after title has passed from Seller to Buyer, including but not limited to the utility shrinkage, franchise fees, lost and unaccounted for charges, utility users' tax, tariffed intrastate transportation charges and surcharges of every kind and nature. Any increase in applicable taxes will be paid by Buyer and reflected in the delivered price as adjusted. Buyer shall be responsible for sales, usage, and any other related taxes.

5. **TITLE:** Seller hereby warrants good title exists for the gas delivered to the Delivery Point(s) hereunder. The title to such gas shall pass to Buyer at the Delivery Point(s).

6. **FORCE MAJEURE:** In the event that either Party is rendered unable, wholly or in part, to perform its obligations (other than payment or financial obligations) under the Natural Gas Sales Agreement and the incorporated Terms and Conditions due to events not reasonably anticipated or within the control of either Party, such as, but not limited to, acts of God, government regulations, changes in law or LDC actions, both Parties agree that such non-performance shall be excused. In the event Seller is unable to deliver gas at any time during the term of this Agreement for reasons of Force Majeure Buyer shall be temporarily released to purchase such deficient quantities from Buyer's Local Distribution Company ("LDC").

7. **RENEWALS:** Unless either party otherwise notifies the other in writing at least thirty (30) days prior to the expiration of the original term or any subsequently agreed upon term, then this Agreement shall be automatically renewed for a like term.

8. **TERMINATION:** A Party may terminate this Agreement under the following conditions: (i) Any assignment for the benefit of the creditors, or any bankruptcy, reorganization, or other proceeding under any bankruptcy or insolvency law is initiated by the other Party; (ii) Failure of the other Party to materially comply with any provisions of Massachusetts laws or regulations regarding the retail marketing of natural gas, as amended, or applicable orders and regulations thereunder, regarding retail Natural Gas sales and usage; (iii) A change in the applicable laws and/or regulations which

5

4

09/21/2001 Case 1:05-cv-10214-JLT 5/6122/ba316 Document 6 Filed 02/15/2005 AES NEWENERGY Page 14 of 19 PAGE 05/06
R REED

09/18/2001  12:22    6177727558                    AES NEWENERGY                        PAGE  05

result in an increase in the Buyer's price beyond the price offered by the LDC; (iv) A material breach by the other Party of any of the terms of this Agreement which breach is not remedied within thirty (30) days of the breaching Party's receipt of written notice of such breach.

9. **ASSIGNMENT:** Buyer may assign this Agreement to a third party with Seller's prior written consent. Seller may assign this Agreement to a third party with Buyer's prior written consent or to an affiliate without Buyer's consent, if the affiliate has substantially similar financial and technical capabilities to perform Seller's obligations under this agreement. Any required consents shall not be unreasonably withheld by either party.

10. **GOVERNING LAW:** This Agreement shall be construed according to the laws of the Commonwealth of Massachusetts and any disputes, which arise, shall be submitted to a state or federal court where the Buyer is located except as provided for in Paragraph 4 of these Terms and Conditions to the Agreement.

11. **CONFIDENTIALITY:** Each shall keep the terms and conditions of the Agreement confidential except as may be required in order to effectuate the transportation and delivery of gas to be sold hereunder or to meet the lawful requirement of any regulatory body having jurisdiction, or the provisions of the Massachusetts Public Records Laws M.G.L. ch. 4, §7 and ch. 66, §10, and Laws 1997 ch. 164. Notwithstanding the previous sentence, Buyer authorizes Seller to provide AES NewEnergy with Buyer's natural gas usage data.

4

5

AES Master Account List

| Customer | Distributor | Account | Meter Num |
|----------|-------------|---------|-----------|
| Town of Bedford | Boston Gas | 4301104651010 | |
| Town of Bedford | Boston Gas | 4301108801010 | |
| Town of Bedford | Boston Gas | 4301108819010 | |
| Town of Bedford | Boston Gas | 4301108827010 | |
| Town of Bedford | Boston Gas | 4301108835010 | |
| Town of Bedford | Boston Gas | 4301108892010 | |
| Town of Bedford | Boston Gas | 4301110039010 | |
| Town of Bedford | Boston Gas | 4301113387010 | |
| Town of Bedford | Boston Gas | 4301114156010 | |
| Town of Bedford | Boston Gas | 4301114197010 | |
| Town of Bedford | Boston Gas | 4301118305010 | |
| Town of Bedford | Boston Gas | 4301122538010 | |
| Town of Bedford | Boston Gas | 4301163202012 | |
| Town of Bedford | Boston Gas | 4301171833010 | |
| Town of Bedford | Boston Gas | 4301180926010 | |
| Town of Bedford | Boston Gas | 4301197903010 | |
| Town of Bedford | Boston Gas | 4301116143010 | |
| Town of Bedford | Boston Gas | 4301177343010 | |

$ HAL

6/28/01

5

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY

| | |
|---|---|
| TOWN OF BEDFORD | ) |
| Plaintiff | ) |
| v. | ) |
| ENERGY EAST SOLUTIONS, INC. | ) |
| Defendant | ) |

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 05-0164

*FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF ...*

*FEB 0 1 2005*

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446, defendant Energy East Solutions, Inc., hereby gives notice that it has filed with the Clerk of the United States District Court for the District of Massachusetts a Notice of Removal, dated January 31, 2005. Pursuant to 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further in this action, unless and until the action is remanded by the United States District Court.

A copy of the Notice of Removal filed in the Office of the Clerk of the United States District Court for the District of Massachusetts is attached hereto as Exhibit 1.

RESPECTFULLY SUBMITTED,

ENERGY EAST SOLUTIONS, INC.

By: _____
James J. Reardon, Jr.
BBO #666161
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square
225 Asylum St., 13th Floor
Hartford, CT 06103
(860)293-3500
(860)293-3555 (facsimile)

## **CERTIFICATION**

This is to certify that a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid on this 31st day of January, 2005 to all counsel of record and pro se parties as follows:

Michael C. Lehane, Esq.
Murphy, Hesse, Toomey & LeHane, L.L.P.
300 Crown Colony Dr.
Quincy, MA 02269

James J. Reardon, Jr.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S)<br>05-0164 | Trial Court of Massachusetts<br>Superior Court Department<br>County: Middlesex |
|---|---|---|

| PLAINTIFF(S)<br>TOWN OF BEDFORD | DEFENDANT(S)<br>ENERGY EAST SOLUTIONS, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Michael C. Lehane, Murphy, Hesse, Toomey & Lehane<br>300 Crown Colony Drive, Quincy, MA 02269<br>Board of Bar Overseers number: 292520 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A0-1 | Contract | ( F ) | ( ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COU...
JAN 18 2005

Subtotal $. . . . . . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $. . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F.  Other documented items of damages (describe)

$. . . . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . . .
TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

For breach of a written contract to supply natural gas and for claims under M.G.L. c. 93A

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _/s/ Michael C. Lehane_____ DATE: 1-14-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET# **MICV2005-00164-L**

RE:   **Bedford v Energy East Solutions, Inc.**

TO:Michael C Lehane, Esquire
Murphy Hesse Toomey & Lehane
300 Crown Colony Drive
Suite 410
Quincy, MA 02169-9126

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/18/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/17/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/17/2005 |
| All motions under MRCP 15 filed | 06/17/2005 |
| All discovery requests and depositions completed | 11/14/2005 |
| All motions under MRCP 56 served and heard | 12/14/2005 |
| Final pre-trial conference held and firm trial date set | 01/13/2006 |
| Case disposed | 03/14/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session L sitting in **Cv CrtRm (Lowell) at Middlesex Superior Court.**

Dated: 01/20/2005                                                        Edward J. Sullivan
                                                                                    Clerk of the Courts

                                                                                    BY: Michael Brennan
                                                                                    Assistant Clerk

Location: Cv CrtRm (Lowell)
Telephone: 978-453-0201

Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 2672293 initdoc01 dipacee