UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF BEDFORD | : |
| Plaintiff | : CASE NO. 05-10214JCT |
| v. | : |
| ENERGY EAST SOLUTIONS, INC. | : |
| Defendant | : |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF THE COMPLAINT

Pursuant to F.R.C.P. 12(b)(6), Defendant Energy East Solutions, Inc. ("Defendant" or "Energy East") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Count II of the Complaint filed by Plaintiff Town of Bedford ("Plaintiff" or "Bedford").

In 2001, Bedford and Energy East, as successor to Northeast Energy Partners, entered into an agreement for the purchase, sale, and delivery of natural gas (the "Contract"). See Contract, attached to the Complaint as Exhibit A. The Contract provided for a three-year term beginning in 2001 and expiring in 2004. See Contract at TERM. The Contract also contained a renewal provision. See Contract at Terms and Conditions § 7

In Count I of the Complaint, Bedford asserts that Energy East breached the Contract by seeking to negotiate a new price if the Contract were to be extended for an additional three years. See Complaint ¶¶ 21-24. In Count II of the Complaint, Bedford alleges simply that Energy East "engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, §§ 2 and 11 <u>by refusing to honor the Terms of the contract</u> for the Renewal Term". Complaint, ¶ 27 (emphasis added).

3

By this motion, Defendant seeks a dismissal of Count II of the Complaint on the grounds that a plaintiff does not adequately allege a cause of action under M.G.L. c. 93A with the conclusory allegation that the defendant engaged in "unfair and deceptive" behavior simply by refusing to honor the terms of the Contract.

## FACTS

In 2001, Energy East and Bedford entered into a Contract. The Contract, which is attached to the Complaint and incorporated therein, shows that the parties selected an initial term of three years. See Contract at TERM. The Contract was signed by the Town of Bedford on September 20, 2001. See Contract. It was not signed by Energy East's predecessor until December 20, 2001. See Contract. Nevertheless, the Contract states that it would run "[f]rom Buyer's August 2001 meter read date through Buyer's August 2004 meter read date." See Contract at TERM. The Contract, however, does not state the date of "Buyer's August 2001 meter read date." On its face, it is unclear whether that refers to some date in August when a meter is read, or to some date in September when Buyer's consumption for the month of August would be known. Moreover, as Bedford, itself, recognizes, there is no one meter read date; rather, there are several different meter read dates because the date "varied from municipal building to municipal building." Complaint, ¶ 11.

In addition, the contract has a "PRICE" section which clearly presents the parties with an option for a "Fixed Price" or an "Indexed Price." See Contract at TERM. For the first three-year term, the parties initialed the "Fixed Price" option. See id. For the renewal term, Energy East expressed its intention to select the "Indexed Price" since the price of gas had obviously changed dramatically over the past three years. See Complaint, ¶¶ 13, 14. In response, Bedford asserted that Energy East was locked in to the Fixed Price that was set three years ago. See Complaint ¶ 18. To support this argument, Bedford relied upon the printed Terms and

4

Conditions section regarding "Renewals," arguing that Energy East was not only required to extend for three more years, but that the price would be fixed. By its express terms, the section on which Bedford relies deals only with the <u>length</u> of the renewal, not with the <u>price</u> for the renewal term. See Contract at Terms and Conditions § 7. In its entirety, this section states: "[u]nless either party otherwise notifies the other in writing at least thirty (30) days prior to the expiration of the original term or any subsequently agreed upon term, then this Agreement shall be automatically renewed <u>for a like term</u>." Contract at Terms and Conditions § 7 (emphasis added). It does not say "on identical terms" or "at the same price."

According to the Complaint, Energy East failed to give timely notice of non-renewal. Complaint, ¶ 17. According to the Complaint, Energy East did offer to continue the Contract pursuant to the Indexed Price option contained in the Contract. Complaint, ¶¶ 13,14. According to the Complaint, Bedford has refused to agree to the Indexed Price and Energy East has terminated the Contract. Complaint ¶¶ 17,18.

## ARGUMENT

In this case, there is a dispute as to whether timely notice of non-renewal was given, whether Energy East was entitled to ask for different pricing terms for the next three years, and whether there was a breach. What is not involved in this case is any conduct that would approach that "level of rascality" that could sustain a claim for unfair and deceptive business practices under M.G.L. c. 93A. As has been often stated, "a mere breach of contract does not constitute an unfair or deceptive trade practice under 93A. . . ." <u>Anthony's Pier Four, Inc. v. HBC Assocs.</u>, 583 N.E.2d 806, 821 (Mass. 1991).

In <u>Whitinsville Plaza, Inc. v. Kotseas</u>, 378 Mass. 85 (Mass. 1985), the Massachusetts Supreme Court found that the lower court properly ordered the dismissal of defendant's claim

under M.G.L. c. 93A on the face of the pleadings. In <u>Whitinsville</u>, the Massachusetts Supreme Court made it clear that a plaintiff does not adequately allege a claim under M.G.L. c. 93A merely by alleging that a breach of contract was unfair:

> [t]he plaintiff's allegations in support of its claim for relief under c. 93A are basically the following: the defendants, either alone or in concert, have violated the terms of a commercial agreement, and their conduct 'constitutes unfair acts and practices' prohibited by the statute. We conclude that those allegations are not sufficient to support a claim under c. 93A, and that the judge properly ordered the dismissal of the counts in question.

<u>Id.</u> at 100, 101. Here also, Bedford asserts merely a breach of contract. Beyond that, Bedford avers simply that Energy East acted in violation of 93A "by refusing to honor the terms of the Contract...." Complaint, ¶ 27.

Courts have routinely refused to allow plaintiffs to present ordinary breach of contract claims masquerading in the guise of 93A claims. See <u>Duclersaint v. Federal Nat'l Mortgage Assn.</u>, 427 Mass. 809, 814 (Mass. 1998) ("a good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made"); <u>see also</u> <u>Gott v. Robert E. Anderson, Inc.</u>, 1990 Mass. App. Div. 73, 75 (Mass. App. Ct. 1990) (affirming the trial court's finding of no violation of M.G.L. c. 93A "on a simple breach of contract"); <u>Pepsi-Cola Metropolitan Bottling Co. v. Checkers, Inc.</u>, 754 F.2d 10 (1st Cir. 1985) (mere breaches of contract, without more, do not constitute unfair practices); <u>Comm'l Union Ins. Co. v. Seven Provinces Ins. Co.</u>, 217 F.3d 33 (1st Cir. 2000) *cert. denied,* 531 U.S. 1146 (2001) (mere breach of contract does not constitute unfair or deceptive trade practice under M.G.L. c. 93A.); <u>Boyle v. General GMC., Inc.,</u>795 N.E.2d 1237 (Mass. App. Ct. 2003) (where a buyer declined to perform the purchase and sale agreement as written, there was no claim under M.G.L. c. 93A.); <u>Brennan</u>

v. Carvel Corp. et al., 929 F.2d 801, 813 (1st Cir. 1991) (noting that for a defendant to be found liable under c. 93A, defendant's "conduct must have been more than a mere breach of contract"); Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1513 (1st Cir. 1989) (noting that while "[l]itigation under Mass.Gen.L. ch. 93A is rampant ... a common refrain has developed . . .[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.").

The Town of Bedford has stated a claim for breach of contract. The same allegations, however, do not suffice to support a separate cause of action under M.G.L. c. 93A. Accordingly, the Court must dismiss Count II of the Complaint.

## CONCLUSION

For all of the reasons set forth above, Defendant Energy East respectfully requests that the Court issue an Order dismissing Count II of the Complaint in its entirety and granting Energy East such other and further relief as this Court deems just and proper.

Dated at Hartford, Connecticut this 7th day of March, 2005.

RESPECTFULLY SUBMITTED,
ENERGY EAST SOLUTIONS, INC.

By: _____
Thomas G. Rohback (admitted *pro hac vice*)
James J. Reardon, Jr. (BBO #566161)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square
225 Asylum St.; 13th Floor
Hartford, CT 06103
(860)293-3500
(860)293-3555 (facsimile)