## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TOWN OF BEDFORD                          :

      Plaintiff                        :          CASE NO. 05-10214JCT

v.                                       :

ENERGY EAST SOLUTIONS, INC.             :

      Defendant                        :


## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## ENERGY EAST SOLUTIONS, INC.


As their Answer to Plaintiffs' First Amended Complaint filed on March 18, 2005 (the

"Amended Complaint"), defendant Energy East Solutions, Inc. ("Defendant" or "Energy East"),

by and through their counsel state as follows:

**Nature of Action**

1.  Defendant denies each and every allegation contained in paragraph 1 of the Amended

Complaint, except to admit that plaintiff Town of Bedford ("Plaintiff" or "Bedford") and

Energy East, as successor to Northeast Energy Partners, were parties to an agreement

titled "Natural Gas Sales Agreement (MMA)" for the purchase and sale of natural gas.

Defendant respectfully refers the Court to the Natural Gas Sales Agreement for a

complete and accurate description of its contents. Energy East denies that the Natural

Gas Sales Agreement automatically renewed and avers that Plaintiff had notice of non-

renewal. Defendant denies that it allegedly coerced Plaintiff, denies that it engaged in

conduct in violation of M.G.L. c. 93A, and denies the Plaintiff has sustained damages.

1

**The Parties**

2.      Defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Amended Complaint.

**Facts**

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Amended Complaint and therefore denies them.

5.      Defendant denies the allegations in paragraph 5 of the Amended Complaint, except that Defendant admits the first sentence of paragraph 5 of the Amended Complaint. The remaining allegations contained in paragraph 5 seek a legal conclusion to which no response is required.

6.      Defendant denies the allegations in paragraph 6 of the Amended Complaint, except Defendant admits that paragraph 9 of the document titled "Terms and Conditions" provides that Northeast Energy Partners could assign the Natural Gas Sales Agreement to a third party with the Town's prior written consent and that on or about June 10, 2002, upon written request from Northeast Energy Partners, the Town consented to the assignment of the Natural Gas Sales Agreement to Energy East.

7.      Defendant denies the allegations in paragraph 7 of the Amended Complaint, except Defendant admits that the Natural Gas Sales Agreement contains paragraphs captioned "Term" and "Price", and that the document titled Terms and Conditions contain a paragraph captioned "Renewals". Defendant respectfully refers the Court to the Natural

Gas Sales Agreement and the Terms and Conditions for a complete and accurate description of their contents.

8. The Amended Complaint contains no paragraph 8, and as such, no response is required.

9. The Amended Complaint contains no paragraph 9, and as such, no response is required.

10. The allegations of paragraph 10 seek a legal conclusion to which no response is required and Defendant therefore denies the same and further refers the Court to the Natural Gas Sales Agreement and the Terms and Conditions for a complete and accurate description of their contents.

11. Defendant denies the allegations in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations in paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations in paragraph 13 of the Amended Complaint except admits that on August 20, 2004, Stephen Humes wrote a letter to Richard Reed of the Town of Bedford. In further response, Defendant respectfully refers the Court to the August 20, 2004 letter for a complete and accurate description of its contents.

14. Defendant denies the allegations in paragraph 14 of the Amended Complaint, except admits that it offered an Index Price prior to the August 20, 2004 letter referenced in paragraph 13. In further response, Defendant respectfully refers the Court to the August 20, 2004 letter for a complete and accurate description of its contents.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint, except to admit that the August 20, 2004 letter contained the quoted language. In further response, Defendant respectfully refers the Court to the August 20, 2004 letter for a complete and accurate description of its contents.

16.     Defendant denies the allegations in paragraph 16 of the Amended Complaint, except admits Plaintiff transmitted the August 24, 2004 letter from Bedford's counsel to Stephen Humes. In further response, Defendant respectfully refers the Court to the August 20, 2004 letter for a complete and accurate description of its contents.

17.     Defendant denies the allegations in paragraph 17 of the Amended Complaint, except admits Plaintiff transmitted the August 24, 2004 letter from Bedford's counsel to Stephen Humes. In further response, Defendant respectfully refers the Court to the August 20, 2004 letter for a complete and accurate description of its contents.

18.     Defendant admits the allegations in paragraph 18 of the Amended Complaint. In further response, Defendant respectfully refers the Court to the September 2, 2004 letter from Energy East's counsel to Bedford.

19.     Defendant denies the allegations in paragraph 19 of the Amended Complaint, except to admit that Energy East terminated natural gas service to Bedford.

## Count I
## (Breach of Contract)

20.     Defendant re-alleges and incorporates its response to paragraphs 1 through 19 above as set forth in full herein.

21.     Defendant denies the allegations in paragraph 21, except admits that Plaintiff and Northeast Energy Partners executed documents captioned Natural Gas Sales Agreement and Terms and Conditions. In further response, Defendant respectfully refers the Court to the Natural Gas Sales Agreement and the Terms and Conditions for a complete and accurate description of their contents.

22.     Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23.    Defendant denies the allegations in paragraph 23 of the Amended Complaint

**Count II**
**(Breach of the Implied Covenant of Good Faith and Fair**
**Dealing/Violation of M.G.L. c.106, § 1-203)**

24.    Defendant re-alleges and incorporates its response to paragraphs 1 through 23 above as set forth in full herein.

25.    The allegations in paragraph 25 of the Amended Complaint require conclusions of law to which no response is required.  To the extent any response is required, paragraph 25 is denied.

26.    Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27.    Defendant denies the allegations in paragraph 27 of the Amended Complaint.

**Count III**
**(Violation of M.G.L. c. 93A)**

28.    Defendant re-alleges and incorporates its response to paragraphs 1 through 27 above as set forth in full herein.

29.    The allegations of paragraph 29 contain conclusions of law to which no response is required.  To the extent any response is required, they are denied.

30.    Defendant denies the allegations in paragraph 30 of the Amended Complaint.

31.    Defendant denies the allegations in paragraph 31 of the Amended Complaint, and affirmatively denies that it has engaged in unfair and deceptive conduct.

32.    Defendant denies the allegations in paragraph 32 of the Amended Complaint, and affirmatively denies that it has engaged in unfair and deceptive conduct.

33.    Defendant denies the allegations in paragraph 33 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Bedford's claims are barred because they fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Bedford's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Bedford's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Bedford's claims are barred because the parties entered into an accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Bedford's claims are barred because Bedford failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Bedford's claims are barred under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Bedford's claims are barred due to Plaintiff's breach of the duty of good faith and fair dealing.

## JURY DEMAND

Defendant demands a trial by jury on all claims so triable.

WHEREFORE, defendant Energy East respectfully requests that the Court enter judgment in its favor dismissing the First Amended Complaint with prejudice, and awarding costs, attorney fees, and such other relief as the Court deems just and proper.

Dated at Hartford, Connecticut this 30th day of August, 2005.

RESPECTFULLY SUBMITTED,

ENERGY EAST SOLUTIONS, INC.

By:

Thomas G. Rohback, admitted *pro hac vice*
James J. Reardon, Jr. (BBO #566161)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square
225 Asylum St.; 13th Floor
Hartford, CT 06103
(860)293-3500
(860)293-3555 (facsimile)